UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DEMARCO RICHARDS,<br><br>            Plaintiff,<br><br>      v.<br><br>CHARLES RENFRO, et al.,<br><br>            Defendants. | **CASE NO. 1:13-cv-1933-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff has consented to Magistrate Judge jurisdiction. His complaint is before the Court for screening.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true,

2

legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff filed his complaint while detained at Fresno County Jail. Plaintiff names the following individuals as Defendants: (1) Detective Charles Renfro of the Fresno County Police Department, and (2) Midori Howo, deputy district attorney for Fresno County. Plaintiff complains of acts that occurred in a case pending against him in state court.

Plaintiff's allegations can be summarized essentially as follows:

Defendant Howo violated a state court order by obtaining and serving a body attachment order against a complaining witness without first providing the court with proof of service of a subpoena. Defendant Renfro provided false testimony at a preliminary hearing, and Defendant Howo failed to correct the false testimony. Defendant Howo also told the complaining witness what to say at the preliminary hearing.

Plaintiff seeks to suppress the complaining witness's testimony and Defendant Renfro's testimony and "work product," to remove Defendant Renfro from the case, and to "void" the preliminary hearing.  Plaintiff also seeks $28.7 million in damages.

### IV. ANALYSIS

#### A. Younger Abstention

To the extent that Plaintiff seeks intervention in ongoing state criminal proceedings, this Court must abstain. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971); Samuels v. Mackell, 401 U.S. 66 (1971). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ( "When a state

3

criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief). Younger abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994).

Accordingly, the Court will abstain from interfering with Plaintiff's ongoing state proceeding.

**B.   Heck  Bar**

To the extent Plaintiff's state criminal proceedings may have concluded, Plaintiff should note that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable

4

termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

If Plaintiff chooses to amend, he should note that a challenge to the fact or duration of his confinement cannot be raised in a § 1983 action.

## V.   CONCLUSION AND ORDER

Plaintiff's claims are barred under Younger.  The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First

Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed November 25, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   June 24, 2014          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE